UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALTERNATIVE MEDICINE INTEGRATION
GROUP, L.P.,

    Plaintiff,
v.                               Case No. 8:13-cv-2909-T-33AEP

ADRIAN E. LANGFORD and PRIORITY
COST CONTAINMENT, INC. D/B/A
INTEGRATIVE INITIATIVE GROUP,

    Defendants.
_____/

**TEMPORARY RESTRAINING ORDER**

This matter comes before the Court pursuant to Plaintiff Alternative Medicine Integration Group, L.P.'s Motion for Emergency Ex Parte Temporary Restraining Order and Preliminary Injunctive Relief (Doc. # 5), which was filed on November 18, 2013. For the reasons that follow, the Court grants Alternative Medicine Integration's request for Temporary Restraining Order and refers the Motion for Preliminary Injunction to the Magistrate Judge for the issuance of a Report and Recommendation.

**I.**    **Background**

On November 15, 2013, Alternative Medicine Integration filed its five-count Verified Complaint against its former Vice President, Adrian E. Langford, and his competing business, Priority Cost Containment, Inc., asserting the following counts:

(1) misappropriation of trade secrets; (2) computer fraud and abuse; (3) trover/conversion; (4) breach of fiduciary duties and duty of loyalty; and (5) misappropriation of trade secrets by Priority Cost Containment. (Doc. # 1).

In the Verified Complaint, Alternative Medicine Integration explains that Langford served as its Vice President, however, "as early as April 2013, Defendant Langford has been furthering his own interests competitive to AMI's, including by using AMI resources, including its trade secrets and confidential information." (Id. at ¶ 16). Langford resigned from Alternative Medicine Integration in October of 2013, but during that time: "he also transferred AMI's trade secrets and other proprietary and client information on a wholesale basis to his personal email account for exploitation in his competing enterprise." (Id. at ¶ 20).

Alternative Medicine Integration lists specific data that Langford allegedly misappropriated, including Alternative Medicine Integration's client and physician lists, "AMI's proprietary care management process, software, clinical decision and outcomes measurement system, claims analysis process, program reporting and all other associated algorithms as well as the company's sales and marketing materials" and other proprietary data. (Id. at ¶¶ 20-21).

2

In the Verified Complaint, Alternative Medicine Integration also asserts that "Langford's conduct was calculated to compromise AMI's ability to effectively service its existing clients and to leave AMI's relationships with its clients and consultants vulnerable to acquisition by Langford." (Id. at ¶ 30).

## II. Request for Temporary Restraining Order

On the basis of Alternative Medicine Integration's Verified Complaint (Doc. # 1) and the Motion (Doc. # 5) this Court finds that Alternative Medicine Integration met its initial burden for the issuance of a Temporary Restraining Order against Langford and Priority Cost Containment, pursuant to Federal Rule of Civil Procedure 65 and Local Rule 4.05, M.D. Fla., as follows:

1. The Court finds a reasonable likelihood that Alternative Medicine Integration will succeed on the merits of its state law claims against Defendants, including the claims that Defendants misappropriated Alternative Medicine Integration's trade secrets under Florida law and that Langford breached fiduciary duties and the duty of loyalty owed to Alternative Medicine Integration.[1] The Verified Complaint contains a detailed

---

[1] The Court expresses some doubt concerning the likelihood that Alternative Medicine Integration will succeed on the merits of its claim for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. See, e.g., Trademotion, LLC v.

3

description of facts establishing that Langford has utilized Alternative Medicine Integration's confidential information and is directly competing with Alternative Medicine Integration using Alternative Medicine Integration's own proprietary information.

2. Accordingly, the Court finds that Alternative Medicine Integration has demonstrated a meaningful risk of irreparable harm in the absence of a Temporary Restraining Order. Among other injuries, Alternative Medicine Integration faces the loss of customer goodwill, damage to Alternative Medicine Integration's reputation, and use by Langford and his competing company of Alternative Medicine Integration's confidential, proprietary, and trade secret information, including its client list, against Alternative Medicine Integration's interest. As stated in International Hair and Beauty Systems, LLC v. Simply Organic, No. 8:11-cv-1883-T-30AEP, 2011 U.S. Dist. LEXIS 127336, at *27 (M.D. Fla. Sept. 26, 2011), "the loss of customers and good will is an irreparable injury and is difficult to measure" and "irreparable harm may be suffered if [Defendant] continues

---

Intelligentz Auto. Corp., 857 F. Supp. 2d 1285, 1289-90 (M.D. Fla. 2012)("The CFAA was designed to target hackers who access computers to steal information or to disrupt or destroy computer functionality, as well as criminals who possess the capacity to access and control high technology processes vital to our everyday lives.").

4

to solicit customers from Plaintiffs' customer list."

3. The public interest will be served by the issuance of a Temporary Restraining Order. Specifically, a Temporary Restraining Order will serve the public interest by preserving faith in the agreements that businesses routinely make with their employees and by protecting trade secrets from unlawful use and disclosure. Furthermore, because Alternative Medicine Integration is a health care organization, the Court determines that the public will be served by restricting the data, including sensitive patient information, to authorized users only.[2]

4. In the Motion, Alternative Medicine Integration asserts that "a copy of this Motion is being provided on November 19, 2013, by process server to Defendants." (Doc. # 5 at 15). Nonetheless, this Temporary Restraining Order is being entered without prior notice and an opportunity for Defendants to respond because the threatened injury is immediate and further delay could result in irreparable damage to Alternative Medicine

---

[2] Alternative Medicine Integration acknowledges that it is bound by the requirements of the Healthcare Insurance Portability and Accountability Act (HIPAA), "which requires strict control of protected patient healthcare information." (Doc. # 5 at 6-7). Defendants' alleged misappropriation and disclosure of confidential patient data threatens not only Alternative Medicine Integration but also the patients that it serves.

5

Integration.

### III. TRO Duration

Accordingly, this Court grants Alternative Medicine Integration's Motion for Temporary Restraining Order. Pursuant to Federal Rule of Civil Procedure 65, Temporary Restraining Orders are limited to 14 days. This Temporary Restraining Order will remain in effect for 14 days from the date of issuance. Any motions for an enlargement of the Temporary Restraining Order must demonstrate good cause and must be filed in accordance with the requirements of Federal Rule of Civil Procedure 65(b)(2).

### IV. Security

Based on the facts presented, the Court concludes that no security is required under Federal Rule of Civil Procedure 65, at this point in the proceedings, especially since the purpose of this Temporary Restraining Order is to maintain the status quo. See Johnston v. Tampa Sports Auth., No. 8:05-cv-2191, 2006 U.S. Dist. LEXIS 77614 (M.D. Fla. Oct. 16, 2006)(The bond requirement of Rule 65(c) is appropriately waived in certain circumstances). Should Defendants make a showing that security is appropriate for the issuance of further injunctive relief, this Court will give further consideration to the matter of security.

6

V.   **Prohibited Activities**

**It is hereby Ordered** that Langford and Priority Cost Containment, Inc., or any persons or entities in active concert or participation with them, shall immediately:

(1) Cease and refrain from misappropriating Alternative Medicine Integration's trade secrets;

(2) Cease and refrain from using, directly or indirectly, any of Alternative Medicine Integration's trade secrets, property, documents, data, or confidential information;

(3) Cease and refrain from disclosing, disseminating, or publishing to third persons, directly or indirectly or through others, any trade secret information or other property or patient information taken from or belonging to Alternative Medicine Integration;

(4) Cease use of, or delete, any materials from the computer, hard drive, storage device, smart phone, or similar device to which Langford sent, received, or uploaded any of Alternative Medicine Integration's documents, data, or confidential information;

(5) Return and turn over to Alternative Medicine Integration any and all originals and all copies of Alternative Medicine Integration's trade secrets,

        documents, data, property, and information Langford has taken from Alternative Medicine Integration; and

(6) Certify that all copies of Alternative Medicine Integration's trade secrets have been removed from all computer systems, devices, or other storage media belonging to Defendants or their agents.

## VI. Motion for Preliminary Injunction

In addition to seeking the issuance of a Temporary Restraining Order, Alternative Medicine Integration also seeks a Preliminary Injunction. (Doc. # 5). The request for a Preliminary Injunction is hereby referred to the Honorable Anthony E. Porcelli, United States Magistrate Judge, for issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The present Temporary Restraining Order is issued to protect Alternative Medicine Integration from irreparable injury prior to the Court's determination of the Motion for Preliminary Injunction.

## VII. Service of this Order

**It is further Ordered** that copies of this Order may be served by facsimile transmission, personal or overnight delivery, or U.S. Mail, by agents and employees of Alternative Medicine Integration on (1) any Defendant in this action; and (2) any other person or entity that may be subject to any

provision of this Order. Service upon any branch or office of any entity shall effect service upon the entire entity.

In addition, to the extent it has not already done so, Alternative Medicine Integration shall attempt to accomplish service of this Temporary Restraining Order and other relevant documents in accordance with Local Rule 4.05(b)(5).

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Alternative Medicine Integration Group, L.P.'s Motion for Emergency Ex Parte Temporary Restraining Order and Preliminary Injunctive Relief (Doc. # 5) is **GRANTED** consistent with the terms outlined above.

(2) The Temporary Restraining Order is effective immediately and will remain in effect for 14 days after issuance, unless the Temporary Restraining Order is extended in accordance with Federal Rule of Civil Procedure 65(b)(2).

(3) Plaintiff Alternative Medicine Integration Group, L.P.'s Motion for Preliminary Injunctive Relief (Doc. # 5) is referred to the Honorable Anthony E. Porcelli, United States Magistrate Judge, for the issuance of a Report and Recommendation.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>19th</u> day of November, 2013, at 2:35 p.m.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:   All Counsel and Parties of Record

10